■ MERYL TUPPATSCH, Respondent, v VIRGINIA LOPRETO, Appellant. [26 NYS3d 704]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 11, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the first cause of action for legal malpractice, unanimously affirmed, without costs.

In her first cause of action, plaintiff alleges that defendant attorney was negligent in, among other things, failing to advise her of her rights in an underlying divorce proceeding, and in pressuring her to settle the action before trial. According to plaintiff, but for defendant's negligence, she would have recovered a larger equitable distribution.

Defendant moved to dismiss plaintiff's malpractice claim, based on the express terms of the settlement agreement, in which plaintiff acknowledged that she was apprised of her rights and that she was not entering into the settlement agreement under duress. In opposition to defendant's motion, plaintiff submitted her affidavit and several emails between the parties, in which plaintiff complains about defendant's representation of her during settlement negotiations and defendant urges plaintiff to settle the matter and contemplates withdrawal as counsel.

Under the circumstances, the motion court correctly sustained the first cause of action because plaintiff has properly pleaded a cause of action for legal malpractice (see *Fielding v Kupferman*, 65 AD3d 437 [1st Dept 2009]). Her affidavit and attached emails are sufficient to support her allegations (see *generally Global Bus. Inst. v Rivkin Radler LLP*, 101 AD3d 651, 651 [1st Dept 2012]). Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.